UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

JOHN DOE 4,                                          )
                                                     )
        Plaintiff,                                   )
                                                     )
v.                                                   )        Case No. 3:14-cv-00674-NJR-DGW
                                                     )
FREEBURG COMMUNITY                                   )
CONSOLIDATED SCHOOL DISTRICT                         )
NO. 70, a corporation, HERSCHEL                      )
PARRISH, CLARENCE                                    )
HAEGE, and LAWRENCE MEGGS,                           )
                                                     )
        Defendants.                                  )

## COMPLAINT

COMES NOW the Plaintiff, JOHN DOE 4, by and through his attorneys, WEILMUENSTER LAW GROUP, P.C., and for his Complaint against the Defendants, FREEBURG COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 70, a corporation, HERSCHEL PARRISH, CLARENCE HAEGE, and LAWRENCE MEGGS, states as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction lies under 28 U.S.C. §1331 as this complaint presents a federal question.

2.      Jurisdiction over the state claims arises under 28 U.S.C. § 1367(a).

3.      Venue in the Southern District of Illinois, East St. Louis Division, is appropriate because the occurrences complained of took place in St. Clair County, Illinois, under 28 U.S.C. § 1391.

**PARTIES**

4.     Plaintiff, JOHN DOE 4 ("Doe 4") is an adult male born in 1995 and was at all times relevant to this Complaint a resident of either St. Clair County, Illinois.

5.     Defendant FREEBURG COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 70, a corporation ("Freeburg School District"), is a body corporate and politic with its center of governmental operations in the Village of Freeburg, St. Clair County, Illinois, and which operates Carl L. Barton Elementary School in the Village of Freeburg, County of St. Clair in the State of Illinois.

6.     The Freeburg School District benefits substantially from the receipt of federal financial assistance and constitutes a program or activity that has long qualified for such federal financial assistance.

7.     The Freeburg School District was in charge of providing a public education to minor students, including numerous minors such as Doe 4, through (a) oversight and supervision of all school functions, school property and school student programs and (b) the hiring, supervision, management, assignment, control and regulation of individuals who serve as staff members, including but not limited to school teachers and administrators, as well as the review and supervision of curricula developed by the district, schools and teachers.

8.     Freeburg School District was also in charge of and responsible for the all policies and procedures within the Freeburg School District. This charge and responsibility included supervision and discipline of teachers and administrators including, but not limited to, Robin Hawkins.

9.     Defendant HERSCHEL PARRISH ("Parrish") is an individual who has resided and continues to reside in St. Clair County, Illinois, who served on the Board of Education of the

Freeburg School District at least from 1981 to 2009, and who served as the President of the Board of Education of the Freeburg School District from 1992 to 2009. Parrish is named in his official and individual capacities.

        10.    Defendant CLARENCE HAEGE ("Haege") is an individual who has resided and continues to reside in St. Clair County and who also served as the superintendent of Freeburg School District, at least from April, 1974 to June, 1994. Haege is named in his official and individual capacities.

        11.    Defendant LAWRENCE MEGGS ("Meggs"), an individual who resided and continues to reside in St. Clair County, served as the superintendent of Freeburg School District from at least July, 1994 to December, 1998 and again from May 3, 2009 to January 31, 2010. Meggs also served as the assistant superintendent, from at least 1973 to 1994. Meggs is named in his official and individual capacities.

        12.    Robin Hawkins, deceased ("Hawkins"), was an individual employed by the Freeburg School District in various capacities, including at various times as teacher, counselor, basketball coach, track coach and student council sponsor, from at least 1977 to 1993. Hawkins served as assistant superintendent from 1993 to 1998 and principal of Freeburg School District from 1994 to 1998. Hawkins was promoted to superintendent, serving from at least January, 1999 to May 3, 2009.

        13.    At least from 2007 to 2009, Doe 4 attended the Freeburg School District as a seventh and eighth grade student at Carl L. Barton Elementary School in the Village of Freeburg, County of St. Clair in the State of Illinois.

### SEXUAL GROOMING, SEXUAL HARASSMENT, AND SEXUAL ABUSE

14.     Beginning in the spring of 2008 and continuing through the spring of 2009, Doe 4 was sexually harassed and sexually abused by Hawkins on multiple occasions, including occasions while upon the premises of Freeburg School District for normal school curriculum and extra-curricular activities.

15.     The sexual grooming, sexual harassment and sexual abuse occurred while Doe 4 was under the control of Hawkins, as an employee of Freeburg School District, and in areas of the school that Hawkins has access to by virtue of his employment.

16.     Before Hawkins initiated the sexual grooming, sexual harassment, and sexual abuse of Doe 4, Hawkins engaged in a course of misconduct including sexual grooming, sexual harassment and sexual abuse of numerous other minor male students, and these circumstances were described and reported to the Freeburg School District by various individuals.

17.     Dating as far back as 1980 and continuing through Doe 4's sexual abuse from 2008 to 2009, Freeburg School District, by and through its school board members, administrators, teachers, agents and/or employees, received and was aware of multiple reports, allegations and complaints concerning misconduct of Hawkins involving minor male students within the Freeburg School District, including sexual harassment and sexual abuse, before Hawkins sexually harassed and sexually abused Doe 4.

18.     Following the receipt of multiple reports, allegations and complaints prior to the abuse of Doe 4, the Freeburg School District, by and through its school board members, administrators, teachers, employees and agents:

> a.  ignored and minimized reports of misconduct, including sexual harassment and sexual abuse, despite an ongoing danger to minor male students within the Freeburg School District;

b. withheld and/or failed to properly document complaints concerning sexual misconduct;

c. failed to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify whether or not inappropriate conduct occurred between any student/child and another adult, whether generally or specifically in relation to Hawkins; and

d. failed to otherwise institute corrective action designed to reduce the risk of harm and foreseeable acts of sexual harassment and sexual abuse perpetrated against minor male students, including Doe 4.

### COUNT I—TITLE IX DISCRIMINATION (20 U.S.C. §1681, *ET. SEQ.*)
(DOE 4 VS. FREEBURG SCHOOL DISTRICT)

19.     Doe 4 hereby repeats and realleges by reference all preceding paragraphs of this complaint into this paragraph of Count I which arises under Title IX.

20.     That Title IX provides that "No person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance..."

21.     At all relevant times, including 2007 to 2009, Freeburg School District was an educational institution that provided public school education and received federal financial assistance.

22.     At no time did Hawkins perpetrate any act of sexual grooming, sexual harassment or sexual abuse or participate in any act of a sexual nature or with sexual overtones involving any minor female student within Freeburg School District.

23.     At all relevant times, including 2007 to 2009, the Freeburg School District has possessed actual notice that it could be liable under Title IX for teacher/counselor/administrator-on-student sexual harassment, sexual grooming, sexual discrimination and sexual abuse.

24.     Based on prior reports of abuse, dating as far back as 1980 and continuing through Doe 4's abuse from 2008 to 2009, Freeburg School District, by and through its School Board

members, administrators, employees and agents, possessed actual knowledge of Hawkins' alleged sexual misconduct, including sexual harassment, sexual discrimination and sexual abuse of minor male students.

25.     That Freeburg School District possessed decision-making authority concerning the procedures and actions taken upon reports of sexual abuse, sexual harassment and sexual grooming.

26.     At all relevant times, Doe 4 was subject to discrimination in his education at the Freeburg School District based on his gender in that he suffered teacher/counselor/administrator-on-student sexual grooming, sexual harassment and sexual abuse as a condition of his receipt of an education at Carl L. Barton Elementary School within the Freeburg School District.

27.     That despite multiple reports of Hawkins's misconduct, the Freeburg School District, by and through its School Board members, administrators, employees and agents, failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety in one or more of the following ways:

   a. ignoring and minimizing reports of misconduct, including sexual harassment and sexual abuse, despite an ongoing danger to minor male students within the Freeburg School District;
   b. withholding and/or failing to properly document complaints received concerning sexual misconduct;
   c. failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify whether or not inappropriate conduct occurred between any student/child and another adult, whether generally or specifically in relation to Hawkins; and
   d. failing to otherwise institute corrective action designed to reduce the risk of harm and foreseeable acts of sexual harassment and sexual abuse perpetrated against minor male students, including Doe 4.

28.     The policy or practice of receiving and minimizing multiple complaints of harassment and abuse concerning Hawkins' conduct with male students while failing to taken any

corrective action designed to reduce the risk of harm posed to minor male students constituted deliberate indifference and led to a deprivation of Doe 4's right to equal public education without discrimination on the basis of sex, and sexual activity indeed became a condition of receiving a public education.

29.     That the deliberate indifference demonstrated by the Freeburg School District, despite multiple reports of teacher/counselor/administrator-on-student sexual grooming, sexual harassment and sexual abuse, caused Doe 4 to suffer unwarranted, unwelcome and uninvited sexual harassment and sexual abuse of a gross and predatory nature repeatedly from 2008 to 2009.

30.     Title IX, 20 U.S.C. §1681, *et seq.*, required the Freeburg School District to provide educational opportunity on an equal basis to all students regardless of their gender.

31.     The Freeburg School District failed to comply with Title IX in that the Freeburg School District failed to ensure that the education provided to minor male students would be on an equal basis compared to the education provided by Freeburg School District to minor female students.

32.     20 U.S.C. § 1981 affords Doe 4 a civil cause of action for damages and for appropriate injunctive relief against the Freeburg School District. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 20 U.S.C. § 1981.

33.     That as a direct and/or proximate result of the conduct of Freeburg School District as described aove, Doe 4 suffered sexual harassment and sexual abuse, and has sustained severe and permanent physical bodily injury, sickness and/or disease resulting in, but not limited to, mental and/or emotional injury, anxiety, panic attacks, sexual dysfunction, inter-personal

relationship and intimacy dysfunction, and behavioral dysfunction, and as a result thereof he has and will continue to experience:

    a.   Physical and mental pain and suffering;
    b.   Emotional distress;
    c.   Loss of a normal life;
    d.   Medical and counseling expenses; and
    e.   Lost wages.

WHEREFORE, the plaintiff, John Doe 4 respectfully requests that this Honorable Court enter judgment in his favor and against the Freeburg School District for damages, court costs, the expenses of this litigation and for his attorneys' fees as well as any other relief deemed necessary and just by this court.

### COUNT II—SUBSTANTIVE DUE PROCESS VIOLATIONS (§ 1983)
#### (DOE 4 VS. PARRISH, HAEGE AND MEGGS)

34.    Doe 4 hereby repeats and realleges, by reference, all preceding paragraphs of this Complaint into this paragraph of Count II.

35.    Based on prior complaints, dating as far back as 1980 and continuing through Doe 4's abuse from 2008 to 2009, Parrish, Haege and Meggs were uniquely aware of multiple reports of misconduct committed by Hawkins, including instances of sexual grooming, sexual harassment, and sexual abuse, occurring on the premises of the Freeburg School District.

36.    Based on prior complaints, dating as far back as 1980 and continuing through Doe 4's sexual harassment and sexual abuse from 2008 to 2009, Parrish, Haege and Meggs knew or should have known that Hawkins would continue to engage in sexual grooming, sexual harassment, and sexual abuse of minor male students within Freeburg School District, including Doe 4.

37.     That Parrish, Haege and Meggs turned a blind eye to complaints of sexual abuse and misconduct, ignored reports of misconduct, failed to institute corrective measure to prevent future harm or otherwise respond to allegations of sexual misconduct, and acted with reckless disregard and deliberate indifference to the constitutional rights of minor male students, including Doe 4.

38.     That Parrish's, Haege's, and Meggs's reckless disregard of multiple reports concerning Hawkins's misconduct fostered a climate where minor male students, including Doe 4, were left vulnerable, and actually subjected to sexual grooming, sexual harassment, and sexual abuse by Hawkins, an agent, servant and/or employee of the Freeburg School District.

39.     Parrish's, Haege's, and Meggs's reckless disregard placed minor male students to whom Hawkins had access, including Doe 4, at an excessive and unreasonable risk of harm, and rendered them more vulnerable to foreseeable acts of sexual harassment and sexual abuse perpetrated by Hawkins.

40.     That at all relevant times, Doe 4 had a well-established constitutional right to be free from invasion of his personal security from sexual abuse.

41.     That through their reckless disregard of multiple reports of misconduct, Parrish's, Haege's and Meggs's conduct was arbitrary and offensive, shocked the conscience and deprived minor male students, including Doe 4, of their rights and liberties granted by the Constitution and protected by law.

42.     That Parrish's, Haege's, and Meggs's reckless disregard of multiple reports of misconduct permitted Hawkins to have continued access to minor male students, including Doe 4.

43.     That as a direct and/or proximate result of the conduct of Parrish, Haege and Meggs as described herein, Doe 4 suffered sexual harassment and sexual abuse, and has sustained severe

and permanent physical bodily injury, sickness and/or disease resulting in, but not limited to, mental and/or emotional injury, anxiety, panic attacks, sexual dysfunction, inter-personal relationship and intimacy dysfunction, and behavioral dysfunction, and as a result thereof he has and will continue to experience:

      44.      Physical and mental pain and suffering;

      a. Emotional distress;
      b. Loss of a normal life;
      c. Medical and counseling expenses; and
      d. Lost wages.

      45.      42 U.S.C. §1983 affords Doe 4 a civil cause of action for damages and for appropriate injunctive relief against Parrish, Haege and Meggs. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 U.S.C. § 1983.

      46.      That the conduct of Parrish, Haege and Meggs, as described above, constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and wellbeing of Doe 4 and other minor male students.

      47.      Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Parrish, Haege and Meggs and to deter like conduct.

      WHEREFORE, the plaintiff, John Doe 4 respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants Parrish, Haege and Meggs for compensatory damages, exemplary damages, for court costs, for the expenses of this litigation and for his attorneys' fees as well as any other relief deemed necessary and just by this court.

### COUNT III—PROCEDURAL DUE PROCESS (§ 1983)
(DOE 4 VS. PARRISH, HAEGE AND MEGGS)

48.　　Doe 4 hereby repeats and realleges, by reference, all preceding paragraphs of this Complaint into this paragraph of Count III.

49.　　That Parrish, Haege and Meggs turned a blind eye to complaints of sexual abuse and misconduct, ignored complaints dating as far back as 1980, failed to institute corrective measures or otherwise respond to allegations of sexual misconduct, and acted with deliberate indifference to the rights of minor male students, including Doe 4, and with the intent to discriminate against minor male students, including Doe 4, on the basis of sex.

50.　　That before and at the time Doe 4 was sexually harassed and sexually abused by Hawkins, policies were in place within the Freeburg School District regarding the proper receipt, documentation, and handling of reports of misconduct.

51.　　Doe 4 was deprived of his constitutional liberty interest under the Fourteenth Amendment by Parrish's, Haege's and Meggs's creation and promotion of policies, customs, or practices, in violation of formal policies and procedures, that fostered a climate where minor male students, including Doe 4, were left vulnerable to and actually were subject to sexual abuse by Hawkins, an agent, servant and/or employee of the Freeburg School District.

52.　　That despite knowledge of multiple reports of misconduct, Parrish, Haege, and Meggs failed to adhere to or follow procedural safeguards designed to address and prevent deprivation of protected liberty interests, including the right to a public school education free of sexual harassment and sexual abuse.

53.　　That Parrish's, Haege's, and Meggs's failures to adhere to procedural safeguards deprived Doe 4 of the benefit of those safeguards, and he was accordingly deprived of his

constitutionally-protected liberty interest in a public education free of sexual harassment and sexual abuse.

54.     That as a direct and/or proximate result of the conduct of Parrish, Haege and Meggs as described herein, Doe 4 suffered sexual harassment and sexual abuse, and has sustained severe and permanent physical bodily injury, sickness and/or disease resulting in, but not limited to, mental and/or emotional injury, anxiety, panic attacks, sexual dysfunction, inter-personal relationship and intimacy dysfunction, and behavioral dysfunction, and as a result thereof he has and will continue to experience:

   a.   Physical and mental pain and suffering;
   b.   Emotional distress;
   c.   Loss of a normal life;
   d.   Medical and counseling expenses; and
   e.   Lost wages.

55.     42 U.S.C. §1983 affords Doe 4 a civil cause of action for damages and for appropriate injunctive relief against Parrish, Haege and Meggs. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 U.S.C. § 1983.

56.     That the conduct of Parrish, Haege and Meggs, as described above, constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and wellbeing of Doe 4 and other minor male students.

57.     Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Parrish, Haege and Meggs and to deter like conduct.

WHEREFORE, the plaintiff, John Doe 4 respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants Parrish, Haege and Meggs for

compensatory damages, exemplary damages, for court costs, for the expenses of this litigation and for his attorneys' fees as well as any other relief deemed necessary and just by this court.

### COUNT IV---DENIAL OF CONSTITUTIONAL LIBERTY INTERESTS (§ 1983)
(DOE 4 VS. FREEBURG SCHOOL DISTRICT)

58.    Doe 4 hereby repeats and realleges, by reference, all preceding paragraphs of this Complaint into this paragraph of Count IV.

59.    That despite formal policies and procedures regarding the proper receipt, documentation, and handling of reports of misconduct, Freeburg School District adopted and followed a consistent course of action in violation of the formal policies upon receiving multiple reports of misconduct by Hawkins.

60.    That Freeburg School District established, through both action and inaction, a widespread policy, practice or custom allowing the sexual harassment and sexual abuse to continue to occur without corrective action. Such policy, practice or custom includes, but is not limited to:

   a.  ignoring and minimizing reports of misconduct, including sexual harassment and sexual abuse, despite an ongoing danger to minor male students within the Freeburg School District;
   b.  withholding and/or failing to properly document complaints received concerning sexual misconduct;
   c.  failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify whether or not inappropriate conduct occurred between any student/child and another adult, whether generally or specifically in relation to Hawkins; and
   d.  failing to otherwise institute corrective action designed to reduce the risk of harm and foreseeable acts of sexual harassment and sexual abuse perpetrated against minor male students, including Doe 4.

61.    That Freeburg School District's established policy, practice or custom fostered a climate which permitted sexual abuse of minor students by Hawkins and evidenced a reckless

disregard and/or a deliberate indifference to the consequence that such action or inaction may, and did, have on minor male students within the Freeburg School District, including Doe 4.

62.     That the Freeburg School District School Board members, Parrish, Haege, and/or Meggs had final policymaking authority of the Freeburg School District and exercised that granted authority in making decisions that perpetuated and/or allowed the sexual abuse of Doe 4 by Hawkins and caused Doe 4's constitutional harm to occur and/or continue.

63.     That through its action and/or inaction stemming from complaints and allegations of sexual misconduct and abuse, Freeburg School District's conduct was arbitrary and offensive, shocking the conscience and interfering with minor male students', including Doe 4's, rights and liberties granted by the Constitution and protected by law.

64.     Doe 4 was deprived of his constitutional liberty interest under the Fourteenth Amendment by Freeburg School District's creation and promotion of policies, customs, or practices that fostered a climate where minor male students, including Doe 4, were left vulnerable to and actually were subject to sexual abuse by Hawkins, an agent, servant and/or employee of the Freeburg School District.

65.     That as a direct and/or proximate result of the conduct of Freeburg School District as described above, Doe 4 suffered sexual harassment and sexual abuse, and has sustained severe and permanent physical bodily injury, sickness and/or disease resulting in, but not limited to, mental and/or emotional injury, anxiety, panic attacks, sexual dysfunction, inter-personal relationship and intimacy dysfunction, and behavioral dysfunction, and as a result thereof he has and will continue to experience:

       a.  Physical and mental pain and suffering;
       b.  Emotional distress;
       c.  Loss of a normal life;
       d.  Medical and counseling expenses; and

e. Lost wages.

66.     42 U.S.C. §1983 affords Doe 4 a civil cause of action for damages and for appropriate injunctive relief against the Freeburg School District. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 U.S.C. § 1983.

WHEREFORE, the plaintiff, John Doe 4 respectfully requests that this Honorable Court enter judgment in his favor and against the Freeburg School District for compensatory damages, for court costs, for the expenses of this litigation and for his attorneys' fees as well as any other relief deemed necessary and just by this court.

## COUNT V - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (DOE 4 V. FREEBURG SCHOOL DISTRICT)

67.     Doe 4 hereby repeats and realleges, by reference, all preceding paragraphs of this complaint into this paragraph of Count V.

68.     Before Hawkins initiated the sexual grooming, sexual harassment and sexual abuse of Doe 4, Hawkins engaged in a course of inappropriate sexual grooming, sexual harassment and sexual abuse of other minor male students and these circumstances were described and reported to the Freeburg School District by various individuals.

69.     None of the agents, servants, and employees of the Freeburg School District undertook measures to prohibit Hawkins from engaging in his inappropriate sexual abuse and sexual harassment in the future.

70.     The Freeburg School District knew or should have known that Hawkins was engaging in inappropriate sexual conduct with minor male students within the Freeburg School District.

71.     The Freeburg School District's failure to properly handle reports concerning Hawkins' sexual grooming, sexual harassment and sexual abuse of minor male students ultimately led to and precipitated the commencement of the sexual abuse of Doe 4.

72.     The Freeburg School District owed a duty to its students, including minor male students such as Doe 4, to provide and employ appropriate educational services and competent teachers and counselors and to safeguard its students from harmful conduct that might be undertaken by its teachers, employees, and/or administrators.

73.     The Freeburg School District owed a duty to its minor male students, including Doe 4, to provide a safe and secure environment for public elementary educational pursuits.

74.     The Freeburg School District breached these duties by:

    a.  allowing an environment wherein Hawkins could utilize school property, which Hawkins had keys to, operate without supervision of his activities, and engage in the sexual abuse of Doe 4;

    b.  failing to act to protect Doe 4 despite its prior knowledge that Hawkins was involved in sexual grooming, sexual harassment and sexual abuse of other minor male students;

    c.  failing to ensure that Hawkins received counseling adequate to serve the safety interests of children at the school;

    d.  failing to properly document complaints received against Hawkins in accordance with Freeburg School District policy mandates;

    e.  withholding and/or concealing information from minor male students, including Doe 4 and their parents or guardians concerning prior complaints of sexual abuse and misconduct with minor males students by Hawkins; and

    f.  failing to warn and/or disclose to individual minor male students of the Defendant School District, including Plaintiff, of the complaints received against Hawkins.

75.     The acts and omissions occurred despite the high probability of the future infliction of severe emotional distress upon minor male students at Carl L. Barton Elementary School, including Doe 4.

76.     The acts and omissions proceeded in reckless disregard and indifference of the high probability of causing Doe 4 severe emotional distress.

77.     By disregarding the substantial risk posed by Hawkins' conduct and acts and omissions of its agents, employees, officials and representatives, the Freeburg School District acted with a reckless indifference and conscious disregard of the safety of minor male students, including Doe 4.

78.     The acts and omissions did in fact result in severe emotional distress to Doe 4.

79.     That as a direct and/or proximate result of the conduct of Freeburg School District as described above, Doe 4 suffered sexual harassment and sexual abuse, and has sustained severe and permanent physical bodily injury, sickness and/or disease resulting in, but not limited to, mental and/or emotional injury, anxiety, panic attacks, sexual dysfunction, inter-personal relationship and intimacy dysfunction, and behavioral dysfunction, and as a result thereof he has and will continue to experience:

        a.  Physical and mental pain and suffering;
        b.  Emotional distress;
        c.  Loss of a normal life;
        d.  Medical and counseling expenses; and
        e.  Lost wages.

WHEREFORE, the plaintiff, John Doe 4 respectfully requests that this Honorable Court enter judgment in his favor and against the Freeburg School District for compensatory damages, for court costs, for the expenses of this litigation and for his attorneys' fees as well as any other relief deemed necessary and just by this court.

## COUNT VI – FAILURE TO SUPERVISE
### (DOE 4 V. FREEBURG SCHOOL DISTRICT)

80.     Doe 4 hereby repeats and realleges, by reference, all preceding paragraphs of this complaint into this paragraph of Count VI.

81.     That the Freeburg School District, by and through its school board members, administrators, teachers, employees and agents, was uniquely aware of Robin Hawkins's propensity to commit acts of sexual abuse or misconduct against minor male students, including Plaintiff, within the school district, making Hawkins's future misconduct and the harm that was likely to result from that future misconduct reasonably foreseeable.

82.     Freeburg School District knew Hawkins was utilizing his employment and his access to school property to engage in predatory behavior, including sexual grooming, sexual harassment and sexual abuse against minor male students.

83.     At all times relevant hereto, Doe 4 was under the direct and immediate control of Hawkins as an employee of the Freeburg School District.

84.     That Freeburg School District had a duty to act in a reasonably prudent manner in the supervision of teachers, counselors and administrators, including Hawkins, and to ensure that Hawkins and other employees acted in the best interest of the health, safety and welfare of children attending their school.

85.     That the Freeburg School District, by and through its agents and/or employees acted with a reckless and conscious disregard of the safety and welfare of minor male students, including Doe 4, and breached its duties owed to Doe 4 by committing one or more of the following acts or omissions:

      a.  allowing Hawkins to have keys and unsupervised access to school property, where Hawkins could engage in sexual grooming, sexual harassment, and sexual abuse of minor male students, including Doe 4;

b. failing to act to protect Doe 4 despite its prior knowledge that Hawkins was involved in sexual grooming, sexual harassment and sexual abuse of other minor male students;

c. failing to ensure that Hawkins received counseling adequate to serve the safety interests of minor male students within Freeburg School District, including Doe 4;

d. failing to properly document complaints received against Hawkins in accordance with Freeburg School District policy mandates;

e. withholding information from minor male students, including Doe 4 and their parents or guardians concerning prior complaints of sexual harassment and sexual abuse perpetrated on minor males students by Hawkins; and

f. failing to warn and/or disclose to individual minor male students of the Defendant School District, including Plaintiff, of the complaints received against Hawkins.

86.     That as a direct and/or proximate result of the conduct of Freeburg School District as described above, Doe 4 suffered sexual harassment and sexual abuse, and has sustained severe and permanent physical bodily injury, sickness and/or disease resulting in, but not limited to, mental and/or emotional injury, anxiety, panic attacks, sexual dysfunction, inter-personal relationship and intimacy dysfunction, and behavioral dysfunction, and as a result thereof he has and will continue to experience:

a. Physical and mental pain and suffering;
b. Emotional distress;
c. Loss of a normal life;
d. Medical and counseling expenses; and
e. Lost wages.

WHEREFORE, the plaintiff, John Doe 4 respectfully requests that this Honorable Court enter judgment in his favor and against the Freeburg School District for compensatory damages, exemplary damages, for court costs, for the expenses of this litigation and for his attorneys' fees as well as any other relief deemed necessary and just by this court.

## COUNT VII – NEGLIGENT FAILURE TO CONTROL CONDUCT OF HAWKINS
### (RESTATEMENT (SECOND) OF TORTS §317)
(DOE 4 V. FREEBURG SCHOOL DISTRICT)

87.     Doe 4 hereby repeats and realleges, by reference, all preceding paragraphs of this Complaint into this paragraph of Count VII.

88.     At all times relevant, Hawkins was employed by the Freeburg School District when he sexually abused Doe 4 on Freeburg School District premises.

89.     Based on prior reports of abuse, dating as far back as 1980 and continuing through Doe 4's abuse from 2008 to 2009, the Freeburg School District, by and through its school board members, administrators, teachers, employees and/or agents knew or reasonably should have known that Hawkins suffered from a pedophilic mental disorder or that Hawkins otherwise exhibited dangerous propensities and that Hawkins was a danger to minors.

90.     That dating as far back as 1980 and continuing through 2009, Hawkins's sexual abuse of minor male students, including Doe 4, occurred on school premises which Hawkins was privileged to enter and had access to only through his employment with the Freeburg School District.

91.     That at all times relevant thereto, the Freeburg School District knew or had reason to know that it had the ability to control Hawkins and knew or should have known of the necessity and opportunity for exercising such control.

92.     That at all times relevant thereto, the Freeburg School District could have taken steps to control Hawkins through reprimands and/or discipline to prevent further acts of abuse.

93.     That in violation of its duty, the Freeburg School District failed to exercise reasonable care so as to control Hawkins or to prevent him from intentionally harming others or from conducting himself as to create an unreasonable risk of bodily injury to others.

94.     The actions and inactions in breach of the Freeburg School District duty as referenced herein were in conscious disregard for and evidenced the reckless indifference to the safety of minor male students, including Doe 4.

95.     That as a direct and/or proximate result of the conduct of Freeburg School District as described above, Doe 4 suffered sexual harassment and sexual abuse, and has sustained severe and permanent physical bodily injury, sickness and/or disease resulting in, but not limited to, mental and/or emotional injury, anxiety, panic attacks, sexual dysfunction, inter-personal relationship and intimacy dysfunction, and behavioral dysfunction, and as a result thereof he has and will continue to experience:

     a.  Physical and mental pain and suffering;
     b.  Emotional distress;
     c.  Loss of a normal life;
     d.  Medical and counseling expenses; and
     e.  Lost wages.

WHEREFORE, the plaintiff, John Doe 4 respectfully requests that this Honorable Court enter judgment in his favor and against the Freeburg School District for compensatory damages, exemplary damages, for court costs, for the expenses of this litigation and for his attorneys' fees as well as any other relief deemed necessary and just by this court.

### COUNT VIII– FAILURE TO PROTECT
### (RESTATEMENT (SECOND) OF TORTS §314A AND COMMON LAW)
### (DOE 4 V. FREEBURG SCHOOL DISTRICT)

96.     Doe 4 hereby repeats and realleges, by reference, all preceding paragraphs of this complaint into this paragraph of Count VIII.

97.     That Freeburg School District was in charge of providing a public education to minor students, including Plaintiff, through (a) oversight and supervision of all school functions, school property and school student programs and (b) the hiring, supervision, management,

assignment, control and regulation of individuals who serve as staff members, including but not limited to school teachers as well as the review and supervision of curricula developed by the District, schools and teachers.

98.    At all times herein, the students of Freeburg School District and their parents, including Doe 4 and his parents, reposed great trust and confidence in the Freeburg School District, by and through its school board members, administrators, teachers, employees and/or agents, so that it gained influence, control and superiority over the students of Freeburg School District and their parents, including Doe 4 and his parents.

99.    That Freeburg School District, by and through its school board members, administrators, teachers, employees and/or agents, stood in the relation of parents and guardians (in *loco parentis*) to the pupils, including Doe 4, was required by law to undertake custody of Doe 4, creating a duty to protect Doe 4 from reasonably foreseeable harm on Doe 4 perpetrated by third persons in all matters relating to the conduct of the schools and the school children, extending to all activities connected with the school program, including all athletic and extracurricular programs.

100.    That standing in *loco parentis*, the Freeburg School District could exercise the parent-guardian relationship at any time for the safety and supervision of the pupils, including Doe 4, in the absence of their parents or guardians.

101.    That standing in *loco parentis*, the Freeburg School District voluntarily undertook the primary responsibility for minor students' safety, including Plaintiff, which usually lies primarily with parents and/or guardians, thereby depriving the minor students, including Plaintiff, of their normal opportunities for protection otherwise provided by their parents and/or guardians.

102.    Dating as far back as 1980 and continuing through Doe 4's sexual abuse from 2008 to 2009, Freeburg School District, by and through its school board members, administrators, teachers, agents and/or employees, received and was aware of multiple reports, allegations and complaints concerning misconduct of Hawkins involving minor male students within the Freeburg School District, including sexual harassment and sexual abuse, before Hawkins sexually harassed and sexually abused Doe 4.

103.    That Hawkins exercised a degree of power over Doe 4 given his age, inexperience, and Hawkins's power to affect Doe 4's academic standing.

104.    That the power disparity between Hawkins and Doe 4 disinclined Doe 4 from protesting or attempting to avoid Hawkins outside the presence of third parties who might have protected Doe 4.

105.    That the Freeburg School District, through acts or omissions, failed to take any steps to protect Doe 4 and/or prevent reasonably foreseeable harm on Doe 4.

106.    The failure to warn and/or publicly disclose to individual minor male students, including Doe 4, and their parents of past complaints of sexual abuse and misconduct against Hawkins served the purpose of preventing those parents and minor male students, including Doe 4, from assessing the safety or lack thereof provided for their children and taking advantage of their otherwise normal opportunities for protection.

107.    Freeburg School District, by and through its agents and employees acted with conscious disregard and reckless indifference to the safety of minor male students, including Doe 4.

108.    That as a direct and/or proximate result of the conduct of Freeburg School District as described above, Doe 4 suffered sexual harassment and sexual abuse, and has sustained severe

and permanent physical bodily injury, sickness and/or disease resulting in, but not limited to, mental and/or emotional injury, anxiety, panic attacks, sexual dysfunction, inter-personal relationship and intimacy dysfunction, and behavioral dysfunction, and as a result thereof he has and will continue to experience:

      a.   Physical and mental pain and suffering;
      b.   Emotional distress;
      c.   Loss of a normal life;
      d.   Medical and counseling expenses; and
      e.   Lost wages.

WHEREFORE, the plaintiff, John Doe 4 respectfully requests that this Honorable Court enter judgment in his favor and against the Freeburg School District for compensatory damages, exemplary damages, for court costs, for the expenses of this litigation and for his attorneys' fees as well as any other relief deemed necessary and just by this court.

### COUNT IX– GENDER VIOLENCE ACT (740 ILCS 82/1 *ET SEQ.*)
(DOE 4 V. FREEBURG SCHOOL DISTRICT)

109.    Doe 4 hereby repeats and realleges, by reference, all preceding paragraphs of this complaint into this paragraph of Count IX.

110.    That effective January 1, 2004, the Gender Violence Act (740 ILCS 82/10) affords Doe 4 a civil cause of action for damages and for appropriate injunctive relief against the Freeburg School District.

111.    That from 2008 to 2009, Doe 4 was subject to physical invasion of a sexual nature under coercive conditions based on his gender, including repeated acts of sexual touching and sexual abuse.

112. That the actions and/or inactions of the Freeburg School District, by and through its school board members, administrators, teachers, agents and/or employees permitted the gender-related violence of Doe 4 to occur.

113. 740 ILCS 82/15 identifies damages, including actual damages, damages for emotional distress, or punitive damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 740 ILCS 82/10.

114. That as a direct and/or proximate result of the conduct of Freeburg School District as described above, Doe 4 suffered sexual harassment and sexual abuse, and has sustained severe and permanent physical bodily injury, sickness and/or disease resulting in, but not limited to, mental and/or emotional injury, anxiety, panic attacks, sexual dysfunction, inter-personal relationship and intimacy dysfunction, and behavioral dysfunction, and as a result thereof he has and will continue to experience:

        a. Physical and mental pain and suffering;
        b. Emotional distress;
        c. Loss of a normal life;
        d. Medical and counseling expenses; and
        e. Lost wages.

WHEREFORE, the plaintiff, John Doe 4 respectfully requests that this Honorable Court enter judgment in his favor and against the Freeburg School District for compensatory damages, exemplary damages, for court costs, for the expenses of this litigation and for his attorneys' fees as well as any other relief deemed necessary and just by this court.

Respectfully Submitted,

WEILMUENSTER LAW GROUP, P.C.

By:   /s/    J. Michael Weilmuenster
               J. Michael Weilmuenster
               IL No: 6197044

Nathaniel O. Brown
IL No:  6302492

Attorneys for Plaintiff
3201 West Main Street
Belleville, IL 62226
(618) 257-2222 – Phone
(618) 257-2030 – Fax

## PROOF OF SERVICE

I hereby certify that on June 11, 2014, that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system which will send notification of such filing(s) to the following:

Heidi L. Eckert – 06271612
Clayborne, Sabo & Wagner LLP
525 West Main Street,
Suite 105
Belleville, Illinois 62220

/s/ J. Michael Weilmuenster