IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE 4, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 14-CV-674-NJR-DGW |
| | ) |
| FREEBURG COMMUNITY | ) |
| CONSOLIDATED SCHOOL DISTRICT | ) |
| NO. 70, | ) |
| HERSCHEL PARRISH, | ) |
| CLARENCE HAEGE, and | ) |
| LAWRENCE MEGGS, | ) |
| | ) |
|       Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

At the center of this case is a long-time school employee who allegedly sexually abused numerous male students over the course of his career. Robin Hawkins (who is now deceased) began his career with the Freeburg Community Consolidated School District No. 70 ("the School District") in 1977 (Doc. 40). He spent sixteen years as a teacher, counselor, and coach before he was promoted to assistant superintendent, a position he held for five years before receiving another promotion to superintendent (Doc. 40). While Hawkins was the superintendent, Plaintiff John Doe 4 attended school in the District for sixth, seventh, and eighth grade (Doc. 40). During that time, Plaintiff alleges that Hawkins sexually groomed, harassed, abused, and sexually assaulted him at school on a number of occasions (Doc. 40). Plaintiff further alleges that Hawkins

previously abused other boys, and a number of reports regarding the abuse were made to the School District, but the School District failed to take appropriate corrective action (Doc. 40). In other words, according to Plaintiff, the School District knew that Hawkins was a sexual predator but chose not to stop him, and as a result, Plaintiff became yet another one of his victims (Doc. 40).

Plaintiff filed this action to recover damages from the School District, two former administrators, and one former President of the Board of Education for the abuse he allegedly suffered (Doc. 1). Currently pending before the Court is a motion for summary judgment filed by the School District, seeking summary judgment on Count 9, which is Plaintiff's claim against it under the Illinois Gender Violence Act (Doc. 50). The School District argues that the claim must fail as a matter of law because the Act applies only to individuals and not to corporations. Plaintiff filed a timely response in opposition to the motion for summary judgment (Doc. 51). The Court has carefully considered the briefs submitted by the parties, and for the reasons set forth below, the motion is granted.

## DISCUSSION

"Summary judgment is appropriate where the admissible evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 681 (7th Cir. 2014) (citing FED. R. CIV. P. 56(a) and *Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 922 (7th Cir. 2001)). A "genuine issue" exists, and thus summary judgment is inappropriate, if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bunn*, 753 F.3d at 681 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986)). In determining whether a genuine issue of material fact exists, the Court must view the record in a light most favorable to the nonmoving party. *Bunn*, 753 F.3d at 681 (citing *Anderson*, 477 U.S. at 255).

Here, the issue presented by the motion for summary judgment is whether the School District, or any type of legal entity for that matter, can be held liable under the Gender Violence Act. This issue requires statutory interpretation of the Act, and it appears to the Court that the material facts necessary to the Court's determination are undisputed. Thus, this issue is particularly appropriate for resolution by summary judgment. *Little Arm Inc. v. Adams*, 13 F. Supp. 3d 914, 920 (S.D. Ind. 2014); *Supernova Sys., Inc. v. Great Am. Broadband, Inc.*, Case No. 1:10-CV-319, 2012 WL 425552, at *3 (N.D. Ind. Feb. 9, 2012); *In re UAL Corp.*, Case No. 02 B 48191, 2005 WL 2777312, at *4 (N.D. Ill. Sept. 21, 2005).

The Gender Violence Act provides, in pertinent part, a cause of action for "[a]ny person who has been subjected to gender-related violence . . . against a *person or persons* perpetrating that gender-related violence." 740 ILL. COMP. STAT. 82/10 (emphasis added). Under the Act, "perpetrating" means "either *personally* committing the gender-related violence or *personally* encouraging or assisting the act or acts of gender-related violence. *Id.* (emphasis added).

The School District argues that it cannot be the subject of a claim under the Gender Violence Act because it is not a "person" (Doc. 50). The School District claims that the "plain and ordinary meaning of the term 'person' . . . is an 'individual human being,'" and it is obviously not a human (Doc. 50). The School District further argues that

it cannot "perpetrate" under the Act because perpetration requires a party to act "personally," but the School District acts through its agents rather than personally (Doc. 50).

In response, Plaintiff notes that the Illinois Supreme Court has not interpreted the Gender Violence Act, and lower state courts and federal courts within Illinois "have offered conflicting rulings on whether corporations can be held liable under the [Act]" (Doc. 51). Plaintiff disputes the cases that concluded corporations cannot be held liable under the Act by citing to the Illinois Statute on Statutes, which provides that the term "person" can include corporate entities (Doc. 51). *See* 5 Ill. Comp. Stat. 70/1.05 ("'Person' or 'persons' . . . may extend and be applied to bodies politic and corporate as well as individuals.")

Plaintiff's arguments are not persuasive. First, Plaintiff's suggestion that there is split among courts regarding the interpretation of the Gender Violence Act is not entirely accurate. One the one hand, a number of courts have carefully analyzed the Gender Violence Act and decided that corporations *cannot* be held liable under the Act. *See Fuesting v. Uline, Inc.*, 30 F. Supp. 3d 739, 742 (N.D. Ill. 2014) ("A statutory analysis . . . demonstrates that the [Gender Violence Act's] cause of action cannot be brought against corporations."); *Doe v. Lee*, 943 F. Supp. 2d 870, 879 (N.D. Ill. 2013) (holding that the term "person" as used in the Gender Violence Act means "natural persons" and therefore municipality was not subject to the Act); *Doe ex rel. Smith v. Sobeck*, 941 F. Supp. 2d 1018, 1027 (S.D. Ill. 2013) (holding the Gender Violence Act did not apply to corporations); *Flood v. Washington Square Rest., Inc.*, Case No. 12 C 5729, 2012 WL 6680345, at *3 (N.D. Ill.

Dec. 21, 2012) ("[T]he 'person' who perpetrates gender-related violence under the [Gender Violence Act] cannot be a corporation."); *Fleming v. Fireside West, LLC,* Case No. 12 C 1436, 2012 WL 6604642, *3 (N.D. Ill. Dec. 18, 2012) (holding that the Gender Violence Act "does not impose liability on organizations or corporate entities"); *Fayfar v. CF Mgmt.-IL, LLC*, Case No. 12 C 3013, 2012 WL 6062663, at *2 (N.D. Ill. Nov. 4, 2012) ("[T]he Court does not consider the [Gender Violence Act's] use of the term 'person' to be ambiguous: it refers to individuals, not legal entities.") On the other hand, Plaintiff did not cite to, and the Court has been unable to find, any case in which a state court or a federal court reached the opposite interpretation of the Gender Violence Act. Instead, Plaintiff cited to three cases where the courts simply entertained claims against corporate defendants under the Gender Violence Act without squarely addressing the statutory interpretation question.

For example, in the first case cited by Plaintiff, *Watkins v. Steiner*, the Illinois Appellate Court analyzed whether the complaint was sufficiently detailed to state a claim against Saline Township under the Gender Violence Act. Case Nos. 5-11-0421, 5-11-0422, 5–11–0423, 5–11–0424, 5–11–0442, 5–11–0443, 2013 IL App (5th) 110421-U, at *3 (Ill. App. Ct. Jan. 14, 2013) (unpublished). The court ultimately concluded that the plaintiff did not adequately allege the Township's personal encouragement or assistance in her assault and dismissed the claim. *Id.* It does not appear from the decision, however, that the defendant argued, or the court considered, whether the language of the Act permits claims against legal entities, as opposed to individuals. *See id. See also Sobeck*, 941 F. Supp. 2d at 1027 (noting that the *Watkins* court "assumed without rigorous statutory

interpretation that a municipality could be liable under the [Gender Violence Act] but ultimately held that the allegations did not support personal encouragement or assistance.")

Similarly, in the second case cited to by Plaintiff, *Cruz v. Primary Staffing, Inc.*, the court examined whether the plaintiff adequately alleged the personal involvement of the defendant corporation in order to state a claim under the Gender Violence Act. Case No. 10 C 5653, 2011 WL 1042629, at *2 (N.D. Ill. Mar. 22, 2011). This time, however, the court concluded that the plaintiff's allegations were sufficient and allowed the claim to go forward. *Id.* at *2. But again, there is no indication that the court ever considered whether the language of the Act permitted claims against legal entities, as opposed to individuals. *See id.*

In the third case cited by Plaintiff, *Smith v. Rosebud Farmstand*, the corporate defendant "appear[ed] to argue" that it could not be held liable for a violation of the Gender Violence Act because the plaintiff did not sufficiently allege that it "was *personally* involved in an act of gender-related violence on account of [it's] corporate identity." 909 F.Supp.2d at 1009 (emphasis in original). The court admitted that it was not "clear whether [the defendant corporation] is susceptible to liability," but ultimately did not analyze the issue because the defendant failed to provide any substance for its argument. *Id.*

Notably, other courts have previously commented that the cases cited by Plaintiff "provide no guidance" and "are not particularly helpful" in determining whether corporations can be held liable under the Act because the courts did not "[reach] a

considered conclusion about whether corporate entities can be liable under the [Gender Violence Act]." *Fuesting v. Uline, Inc.*, 30 F. Supp. 3d 739, 743 (N.D. Ill. 2014) (quoting *Fleming v. Fireside W., LLC*, No. 12 C 1436, 2012 WL 6604642, at *3 (N.D. Ill. Dec. 18, 2012)). *See also Sobeck,* 941 F.Supp.2d at 1027 ("Neither [*Cruz* or *Smith*] attempted the statutory interpretation task as directed by the Illinois Supreme Court").

Plaintiff's reliance on the Statute on Statutes is also unpersuasive. The Illinois Statute on Statutes provides rules of statutory construction that "shall be observed, unless such construction would be inconsistent with the manifest intent of the General Assembly or repugnant to the context of the statute." 5 ILL. COMP. STAT. 70/1. The rule at issue here provides that "'[p]erson' or 'persons' as well as all words referring to or importing persons, may extend and be applied to bodies politic and corporate as well as individuals." 5 ILL. COMP. STAT. 70/1.05.

Plainly, the rule "does not mean that ['person'] must or even that it usually does extend to corporations, only that it 'may.'" *Fuesting*, 30 F. Supp. 3d at 743 (citing *Fleming,* 2012 WL 6604642, at *4). *See also Flood*, 2012 WL 6680345, at *2 ("The rule is permissive and does not apply in every situation . . . .") And as noted by a number of other courts, in looking at other statutes that contain the term "person," it appears that the Illinois legislature has "expressly indicated when it intends 'person' to have a broader meaning." *Fuesting*, 30 F. Supp. 3d at 743. *See also Fleming*, 2012 WL 6604642, at *3 ("[I]n other instances when the Illinois legislature has included business entities within the scope of the term 'person,' it has done so expressly"); *Fayfar*, 2012 WL 6062663, at *2 ("It appears that when the Illinois legislature intends the statutory term "person" to include

legal entities other than individuals, it defines the term in that way.")

Additionally, the context surrounding the word "person" in the Gender Violence Act is "sufficient to overcome the presumption under the Statute on Statutes that the term 'person' includes corporations." *Fuesting*, 30 F. Supp. 3d at 743 (citing *Flood,* 2012 WL 6680345, at *3); *see also Fleming,* 2012 WL 6604642, at *4. First, the Act uses the term "person" to describe both those who can sue and those who can be sued. 740 ILL. COMP. STAT. 82/10 ("Any person who has been subjected to gender-related violence . . . may bring a civil action . . . against a person or persons perpetrating that gender-related violence.") With respect to those who can sue, "person" obviously refers only to individuals because an entity can never be the victim of gender-related violence. It only makes sense then that "person" as it pertains to those who can be sued also refers only to individuals. It would be absurd for a term used twice in the same sentence to have two different meanings. *See Fayfar*, 2012 WL 6062663, at *2 ("[T]he legislature used the term 'person' consistently in referring to both those who may sue under the statute and those who may be sued.")

Second, a person can be liable under the Act only for "*personally* committing the gender-related violence or *personally* encouraging or assisting the act or acts of gender-related violence." 740 ILL. COMP. STAT. 82/10 (emphasis added). "Corporations act only through their agents, so it is impossible for a corporation to 'personally' do anything." *Flood*, 2012 WL 6680345, at *2. *Accord Fuesting*, 30 F. Supp. 3d at 743; *Fleming*, 2012 WL 6604642, *3; *Fayfar*, 2012 WL 6062663, at *2. Because a corporation can never personally act, it can never "perpetrate" under the Act. "[A] contrary conclusion would

render the term 'personally' as it modifies 'encouraging or assisting' meaningless surplusage," which violates the principles of statutory construction. *Sobeck*, 941 F.Supp.2d at 1026–1027; *People v. Wick*, 481 N.E.2d 676, 679 (Ill. 1985) ("The rule of statutory construction followed by this court is that the presence of surplusage will not be presumed."). Accordingly, it makes no sense to hold a corporation is a "person" under the Gender Violence Act "if it could never commit acts that would constitute a violation of the Act." *Sobeck*, 941 F. Supp. 2d at 1026–27; *accord Fuesting*, 30 F. Supp. 3d at 743; *Flood*, 2012 WL 6680345, at *3; *Fleming*, 2012 WL 6604642, at *4; *Fayfar*, 2012 WL 6062663, at *2.

In sum, the courts that have conducted a statutory analysis of the Gender Violence Act unanimously agree that the Act does not apply to corporate entities. *See Fuesting*, 30 F. Supp. 3d at 742–44; *Lee*, 943 F. Supp. 2d at 879; *Sobeck*, 941 F. Supp. 2d at 1026–27; *Flood*, 2012 WL 6680345, at *1–3; *Fleming*, 2012 WL 6604642, at *3–4; *Fayfar*, 2012 WL 6062663, at *1–3. The undersigned is persuaded by the explanations provided by those courts. Based on the use of the word "person" in other statutes, and the language and context of the Gender Violence Act itself, it is clear that the "person' who perpetrates gender-related violence under the Act cannot be a corporation. Consequently, the School District is entitled to summary judgment on Count 9.

## CONCLUSION

For the reasons stated above, the School District's Motion for Summary Judgment (Doc. 50) is **GRANTED**. Count 9 of the Amended Complaint is **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

**DATED:   June 23, 2015**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL
United States District Judge**
