UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JOHN DOE 4, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:14-cv-00674-NJR-DGW |
| ) | |
| FREEBURG COMMUNITY ) | |
| CONSOLIDATED SCHOOL DISTRICT ) | |
| NO. 70, a corporation, HERSCHEL ) | |
| PARRISH, CLARENCE ) | |
| HAEGE, and LAWRENCE MEGGS, ) | |
| Defendants, ) | |

## AMENDED PROTECTIVE ORDER

In order to facilitate discovery and to prevent unnecessary disclosure of confidential information concerning the identity of the Plaintiff, and the identity of other alleged victims of childhood sexual abuse, the Court enters this Agreed to Protective Order at the request of the parties pursuant to Federal Rule of Civil Procedure 26(c).

**IT IS HEREBY ORDERED** that the following procedures shall be adopted with respect to documents and other information produced and/or disclosed in this action:

1. Due to the explicit nature of this action, including the allegation the plaintiff was a victim of childhood sexual abuse, the identity of the Plaintiff shall remain confidential throughout the entire proceedings of this case, including but not limited to the discovery process, as named Defendants have been apprised of the true identity of the Plaintiff, John Doe 4, in this matter.

2. That one or more of the parties are aware of the identity of other alleged victims of childhood sexual abuse who were/are students of Freeburg Community Consolidated School

District No. 70. (hereinafter "other alleged victims"). Due to the explicit nature of this action, and the fact that these alleged victims were minors at the time of the alleged abuse, the identity of these other alleged victims shall remain confidential throughout the entire proceedings of this case, including but not limited to the discovery process. The parties will agree to apprise each other of the true identity of these other alleged victims pursuant to the terms of this protective order.

3. The identity of the Plaintiff and other alleged victims shall not be disclosed to any person except hereafter provided.

4. All documents and materials filed with the Court, including, but not limited to, any deposition transcripts, exhibits, answers to interrogatories, briefs, memoranda, affidavits and/or pleadings which contain the identity of the Plaintiff or other alleged victims, shall be filed in accordance with Local Rule 5.1(d) including, but not limited to, refraining from including, or redacting where inclusion is necessary, any personal identifiers of the Plaintiff or other alleged victims.

5. The identity of the Plaintiff and/or any other alleged victim shall not be disclosed to any person other than:

    (a) The Court, provided that any such material containing the identity of the Plaintiff and/or any other alleged victim that is filed with the Clerk of the Court, shall be sealed pursuant to paragraph 4, above, and subject to release only by Order of the Court;

    (b) Counsel of record for the parties herein (including other attorneys and staff in their offices);

(c) Consultants and experts (and their employees and staff) specifically employed by counsel to assist in the conducting of this litigation;

(d) The Defendants, including the present and former officers, directors and employees of the Defendant Freeburg Community Consolidated School District No. 70 who are involved in the discovery proceedings or preparation of this action for trial;

(e) Persons who are actual or potential witnesses or deponents in this action, provided, however, that such persons shall not be allowed to retain copies of any and all information concerning the identity of the Plaintiff and/or any other alleged victim;

(f) Such other persons as may be hereafter authorized in writing by the Plaintiff and other alleged victims,

(g) AIG Property Casualty, Inc., and

(h) Such persons as may be hereafter authorized by further Order of the Court.

This Order shall not limit the right of the Plaintiff or other alleged victims to disclose his or her identity to any persons and/or entities of his or her own choosing. Such a disclosure shall not waive the protection of this Order.

6. Prior to any disclosure by counsel of the identity of the Plaintiff and/or other alleged victims to any person listed in paragraph 5(c), 5(d), 5(e), 5(f), 5(g), and 5(h) of this Order, a copy of this Order shall be presented to that person, who shall review it and who shall signify that he or she has reviewed the contents of this Order and consents to be bound by its terms. The improper disclosure of the identity of the Plaintiff and/or other alleged victims may be punishable at the discretion of the Court in addition to all other remedies available to a party.

In addition, prior to any disclosure by counsel to any persons listed in paragraph 5(c), 5(d), 5(e), 5(f), 5(g), or 5(h) each person shall have executed a certification in the form attached hereto as Exhibit A, a true copy of which shall be maintained by counsel, and be advised that any violation of this Order shall be subject to sanctions including but not limited to contempt of Court. No person under paragraph 5(d), 5(e), 5(f), 5(g), or 5(h) shall be permitted to retain copies of any and all information concerning the identity of the Plaintiff and/or other alleged victims. In the event that a person listed in paragraph 5(c), 5(d), 5(e), 5(f), 5(g), or 5(h), refuses to sign the certification form attached hereto as Exhibit A, counsel seeking to disclose the identity of the Plaintiff and/or other alleged victims may not do so unless they move the Court for permission to make such disclosure without obtaining a signed certification and receive an Order to that effect, or unless the Plaintiff and other alleged victims authorize such disclosure in writing. Disclosure of the identity of the Plaintiff and/or other alleged victims pursuant to a grant of such permission by the Court or pursuant to such authorization by the Plaintiff or other alleged victims, shall be in accordance with all other provisions of this Order, and any violation may be sanctionable at the discretion of the Court and in addition to all other remedies available to a party.

7. Any deponent who is to be questioned concerning the identity of the Plaintiff or any other alleged victim, as well as the deponent's counsel if the deponent is not represented by counsel representing a party in this action, must be furnished with a copy of this Order and shall be required to sign a certification in accord with Exhibit A. All counsel shall use their best efforts to persuade the deponent and counsel to sign such certification. Should the deponent or counsel refuse to sign such certification, and the deposing party still wishes to question the deponent, the deposing party must move the Court, in accord with the terms herein, for an Order allowing the examination, unless the Plaintiff and/or other alleged victims authorize such

disclosure in writing.  The examination of a deponent concerning the identity of the Plaintiff and/or other alleged victims, pursuant to such a grant of permission by the Court or such authorization by the Plaintiff and/or other alleged victims shall be in accord with all other provisions of this Order, and any violation may be sanctionable at the discretion of the Court in addition to all other remedies available to a party.  Whenever the identity of the Plaintiff and/or other alleged victims is to be discussed or disclosed in a deposition, either party may exclude from the room during such testimony any person who is not authorized to receive such information under this Order.  The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the deponent that he or she need not answer the question.  Any court reporter who reports or transcribes testimony shall also agree not to disclose the identity of the Plaintiff and other alleged victims except as provided for under the terms of this Order by signing a certification in the form attached hereto as Exhibit A.

8. The terms of this Protective Order shall continue to be binding both during and after the disposition of this case, including any appeals.

9. The parties are instructed that any request made pursuant to this protective order must be consistent with the Order Regarding Discovery (to be filed in this matter).  No written motions should be filed except by leave of Court.

**DATED: November 21, 2017**

/s/ Donald Wilkerson

**DONALD G. WILKERSON**
**United States Magistrate Judge**

disclosure in writing.  The examination of a deponent concerning the identity of the Plaintiff and/or other alleged victims, pursuant to such a grant of permission by the Court or such authorization by the Plaintiff and/or other alleged victims shall be in accord with all other provisions of this Order, and any violation may be sanctionable at the discretion of the Court in addition to all other remedies available to a party.  Whenever the identity of the Plaintiff and/or other alleged victims is to be discussed or disclosed in a deposition, either party may exclude from the room during such testimony any person who is not authorized to receive such information under this Order.  The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the deponent that he or she need not answer the question.  Any court reporter who reports or transcribes testimony shall also agree not to disclose the identity of the Plaintiff and other alleged victims except as provided for under the terms of this Order by signing a certification in the form attached hereto as Exhibit A.

8. The terms of this Protective Order shall continue to be binding both during and after the disposition of this case, including any appeals.

9. The parties are instructed that any request made pursuant to this protective order must be consistent with the Order Regarding Discovery (to be filed in this matter).  No written motions should be filed except by leave of Court.

**DATED: November 21, 2017**

/s/ Donald Wilkerson

**DONALD G. WILKERSON**
**United States Magistrate Judge**

# EXHIBIT A

## CERTIFICATION

     I, _____, hereby certify that I have read and understand the contents of the Protective Order entered in the case styled *John Doe 4 v. Freeburg Community Consolidated School District No. 70, a corporation, Herschel Parrish, Clarence Haege, and Lawrence Meggs*, Case No.: 3:14-cv-00674-NJR-DGW, in the United States District Court in the Southern District of Illinois, East St. Louis Division. I further certify that I agree to abide by all terms and conditions of the Protective Order with regard to the confidentiality of the Plaintiff's identity, the identity of other alleged victims and confidential discovery material in *John Doe 3 v. Freeburg Community Consolidated School District No. 70, a corporation, Clarence Haege, and Lawrence Meggs*, Case No.: 3:12-CV-00084-DRH-SCW, in the United States District Court in the Southern District of Illinois, East St. Louis Division.

     Dated this _____ day of _____, 20____.

NAME: _____

TITLE: _____

ADDRESS: _____

                            _____